1
2
3
4                                UNITED STATES DISTRICT COURT
5                                    DISTRICT OF NEVADA
6                                           * * *
                                             )
7    ROSS BARTON,                            )
                                             )
8                     Plaintiff,             )        2:05-CV-01435-PMP-RJJ
                                             )
9    v.                                      )
                                             )        O R D E R
10                                           )
     CEDCO, INC.; and NEVADA                 )
11   DEPARTMENT OF CORRECTIONS,              )
                                             )
12                    Defendants.            )
                                             )
13   _____

14          Presently before the Court is Defendant Cedco, Inc.'s Motion to Dismiss (Doc. #3),

15   filed on December 13, 2005.  Plaintiff Ross Barton filed Plaintiff's Opposition to

16   Defendant's Motion to Dismiss (Doc. #21) on June 14, 2006.  Defendant Cedco, Inc. filed

17   Defendant's Reply in Support of its Motion to Dismiss (Doc. #22) on June 26, 2006.

18          Also before this Court is Plaintiff's Motion for Remand (Doc. #12), filed on  January

19   19, 2006.  Defendant Cedco, Inc. filed an Opposition to Plaintiff's Motion for Remand

20   (Doc. #13) on February 8, 2006.

21   **I.  BACKGROUND**

22          Plaintiff Ross Barton ("Barton") asserts Defendant Cedco, Inc. ("Cedco") employed

23   him in a special work program at the High Desert State Prison, a facility of Defendant

24   Nevada Department of Corrections.  (Am. Compl. at 2.)  Barton alleges Cedco unlawfully

25   discriminated against him in his employment because of his race.  (Am. Compl.)

26          On July 25, 2005, Barton filed a Complaint in the District Court, Clark County,

1   Nevada.  (Notice of Removal [Doc. #1], Ex. A.)  In the Complaint, Barton alleged Cedco

2   violated Nevada Revised Statute 613.330 and federal law by discriminating against him.

3   (Id.)  Nonetheless, Barton exclusively cited to Nevada case law and statutes in the

4   Complaint.  (Id.)  Cedco removed the Complaint to this Court based on federal question

5   jurisdiction.  (Notice of Removal at 1.)

6        Barton filed an Objection to Notice of Removal (Doc. #5) on December 19, 2005,

7   and subsequently filed a Motion to Remand (Doc. #12) on January 19, 2006.  In both his

8   Objection and Motion to Remand, Barton argues that because he is a pro se litigant he

9   inartfully wrote his Complaint to include a federal claim when he desired to include only

10  state law claims.  Additionally, in the Motion for Remand he moved to file an Amended

11  Complaint which omitted the federal claims.  The Court granted Barton leave to file an

12  Amended Complaint (Order dated May 31, 2006 [Doc. #18]) and Barton filed it on June 16,

13  2006 (Am. Compl.).  In the Amended Complaint, Barton asserts Cedco and the Nevada

14  Department of Corrections engaged in unlawful employment practices under Nevada state

15  law.  The Amended Complaint does not contain any claims arising under federal law.  (Id.)

16       Cedco opposes remand because it argues this Court may exercise jurisdiction over

17  Barton's pendent state law claims even though original jurisdiction no longer exists in this

18  Court.[1]  Cedco also moves to dismiss Barton's claims, arguing Barton did not exhaust his

19  administrative remedies.  Barton responds the Court should not dismiss his Amended

20  Complaint and instead the Court should remand to state court because the Amended

21  _____

22       [1]   Cedco also states "Cedco respectfully request [sic] that the Court not render a decision on
    Plaintiff's Objection until deciding the Motion to Dismiss.  In fact, if the Court grants Cedco's Motion

23  to Dismiss, Plaintiff's Objection becomes moot."  (Opp'n to Pl.'s Mot. for Remand, Ex. A at 2 n.2.)
    However, Cedco cites no authority to support its request and the Court will therefore consider the

24  Motion to Remand first as it involves the threshold question of whether this Court has subject matter
    jurisdiction over Barton's Amended Complaint.  See, e.g., Blackburn v. United States, 100 F.3d 1426,

25  1436 (9th Cir. 1996) ("Subject matter jurisdiction is a threshold issue . . . . ").

26                                                    2

1    Complaint does not state any claims under federal law and asserts only state law claims.

2    **II.  MOTION TO REMAND**

3              Removal jurisdiction under 28 U.S.C. § 1441(a) gives federal district courts original

4    jurisdiction over "any civil action brought in a State court of which the district courts of the

5    United States have original jurisdiction."  Pursuant to 28 U.S.C. § 1331, federal district

6    courts have original jurisdiction over "all civil actions arising under the Constitution, laws,

7    or treaties of the United States."  "A case 'arises under' federal law either where federal law

8    creates the cause of action or 'where the vindication of a right under state law necessarily

9    turn[s] on some construction of federal law.'"  Republican Party of Guam v. Gutierrez, 277

10   F.3d 1086, 1088-89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Constr. Laborers

11   Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "Once a federal court acquires removal

12   jurisdiction over a case, it also acquires jurisdiction over pendent state claims."  Nishimoto

13   v. Federman-Bachrach & Assocs., 903 F.2d 709, 715 (9th Cir. 1990) (citing Bright v.

14   Bechtel Petroleum, Inc., 780 F.2d 766, 771 (9th Cir. 1986)).

15             Whether a district court should retain jurisdiction over pendent state claims when

16   federal claims no longer exist or remand the state claims to state court is within the court's

17   discretion.  Id. (citing United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966);

18   Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349-50 (1988)).   In deciding whether to

19   remand pendent state claims, "a district court should 'consider and weigh in each case, and

20   at every stage of the litigation, the values of judicial economy, convenience, fairness, and

21   comity . . . . '"  Id.  "'[I]n the usual case in which all federal-law claims are eliminated

22   before trial, the balance of factors . . . will point toward declining to exercise jurisdiction

23   over the remaining state-law claims.'"  Acri v. Vatican Assocs., Inc., 114 F.3d 999, 1001

24   (9th Cir. 1997) (quoting Carnegie-Mellon Univ., 484 U.S. at 350 n.7).

25             In this matter, the balance of factors points towards remanding the case to state court.

26   This case is in the earliest stage of litigation and thus judicial economy and convenience

                                                       3

point towards remand.  The Court has not considered any dispositive motions and the only dispositive motion on file is a motion to dismiss.  Additionally, issues of fairness weigh in favor of remand.  Barton originally filed in state court and Barton argues that, as a pro se litigant, he accidentally pled a federal cause of action in the original Complaint when he meant to plead only state law claims.  Comity to the state court also weighs in favor of remand because Barton pleads only state law claims in the Amended Complaint.  Finally, because Barton has eliminated all federal claims in his Amended Complaint, the federal law claims have been eliminated before trial and the balance of factors points towards this Court's declining to exercise jurisdiction over the remaining state law claims.  The Court therefore will decline to exercise jurisdiction over the Amended Complaint and remand to state court.

**III.  OTHER PENDING MOTIONS**

Because the Court will not exercise jurisdiction over the state law claims, the Court will deny the other pending motions as moot.

///
///
///
///
///
///
///
///
///
///
///
///

4

**IV.  CONCLUSION**

   IT IS THEREFORE ORDERED that Plaintiff's Motion for Remand (Doc. #12) is hereby GRANTED.  This case is hereby REMANDED to the District Court, Clark County, Nevada.

   IT IS FURTHER ORDERED that the following pending motions are hereby DENIED as moot:

   1.  Defendant Cedco Inc.'s Motion to Dismiss (Doc. #3);

   2.  Plaintiff's Motion for Order Compelling Disclosure or Discovery (Doc. #24);

   3.  Plaintiff's Motion for Enlargement of Time (Doc. #23);

   4.  Plaintiff's Motion for Enlargement of Time (Doc. #28); and

   5.  Plaintiff's [Second] Motion for Remand (Doc. #27).

DATED:   July 24, 2006

_____
PHILIP M. PRO
Chief United States District Judge